THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ELIZABETH PHILLIPS, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CAUSE NO. 6:23-cv-00077 |
| | § | |
| | § | JURY DEMANDED |
| | § | |
| CITY OF RUSK, TEXAS | § | |
|     Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Elizabeth Phillips hereby files this, her Original Complaint, against Defendant, City of Rusk, Texas for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff Elizabeth Phillips ("Plaintiff" or "Phillips") is currently a citizen and resident of Rusk County, Texas.

2. Defendant City of Rusk, Texas ("Defendant" or "the City") is a Texas municipality located in Cherokee County, Texas. Defendant may be served by delivering the summons and a copy of this Complaint on its Mayor, Ben Middlebrooks, 205 S Main St, Rusk, TX 75785.

3. Venue for the case is proper in the Tyler, Texas division.

4. Most of the acts alleged herein occurred in Cherokee County, Texas.

5. Jurisdiction is established pursuant to 28 U.S.C. §1331 – federal question jurisdiction.

### II.   FACTUAL BACKGROUND

6. Phillips began working for the Rusk Police Department in November of 2018 as a

patrol officer that included regular patrol duties (operating emergency marked vehicles, responding to calls that include family violence, traffic related incidents, non-emergency, medical calls etc.) Plaintiff was promoted to patrol sergeant in July of 2021 that included the same patrol duties with a supervisory role.

7.    In early September 2021 Plaintiff received confirmation from her doctor that she was pregnant. The next workday, Plaintiff immediately informed the Chief of Police verbally and continued her normal duties as the plan was to work through her first trimester. After minor complications in late September 2021, it was confirmed Plaintiff was pregnant with twins and given a due date of May 21, 2022.

8.    Previously during her employment with the Police Department, Phillips worked on "light duty" after having surgery in October, 2019. Dated on September 16, 2021, this time Phillips was placed on light duty after her doctor provided a note recommending a switch to light duty starting on September 16, 2021. During this time Phillip's job included taking lobby complaints from citizens, reviewing reports from other officers, and writing reports working Monday-Friday 8AM to 5PM.

9.    On or about December 6, 2021 Phillips was asked to have a small meeting with the Chief of Police in his office that pertained to changing the hours that she was working. Chief Black explained that there is no "position" that would include "light duty" for an extended period of time due to her situation. Also, the Chief told Phillips that "it needed to look like [she] was working with every shift from the department to help avoid complaints from people at City Hall." The Chief recommended that Phillips work Monday-Friday from 12PM-8PM or work 10 hour shifts 4 days out of the week. The Chief and Phillips finally came to an agreement of the hours 11AM-7PM Monday-Friday and that would be her temporary schedule until the end of her pregnancy.

10.    On December 28, 2021 Phillips was seen for an appointment at the Perinatal

Medicine Associates LLC in Tyler, TX for a 20 week scan for high risk pregnancies. During the visit, the doctor explained after an examination that a normal cervix length in pregnancy could be 4-5 centimeters and that hers was at 3.5 cm. He also explained that if the length shortened lower than 2.5 cm that would draw concern as it could cause miscarriage if preterm labor occurred. He then scheduled a follow-up appointment for the following week at Dr. Layne's office.

11. Phillips was seen for her appointment at Four Seasons Women's Health in Tyler, TX on January 6, 2022 where she was examined a second time and was given information that her cervix had shortened since her last appointment to 2.4 cm. Phillips was sent to UT Health Hospital in Tyler, TX where she would undergo surgery the following morning (January 7th) to have a surgery to prevent early labor. Phillips notified the Chief immediately via phone and he stated not to worry about work and do what she needed to do. After the surgery, Phillips was sent home several hours later and put on bed rest.

12. On January 10, 2022 Phillips called the City Hall in Rusk via phone in reference to being placed on bedrest and spoke with Cinda Etheridge who is the City Secretary. Etheridge stated that Phillips would need her doctor to fill out FMLA paperwork as she would be on bedrest for the remainder of her pregnancy.

13. On January 12, 2022 Phillips went to get checked at Four Seasons after she noticed some things that drew concern. She was transferred to UT Health Hospital in Tyler, TX. Phillips stayed overnight after which it was determined that due to her condition Phillips would be airlifted to Baylor Scott & White Hospital in Dallas, TX

14. Phillips remained on bed rest at Baylor from January 13, 2022 through February 21, 2022. Phillips spoke with the Chief via phone approximately 3-4 days after arriving in Dallas in reference to the doctor's note he and Ms. Etheridge should have received from her doctor. The Chief was unaware she had been airlifted and was updated on the situation at that time. Chief sent

out an email to the entire department on January 15, 2022 that included a statement of "Sgt. Phillips will be out for an extended period of time. Phillips was discharged from Baylor on February 21, 2022 where she would remain on bed rest for the remainder of her pregnancy.

15. On March 8th, 2022 Phillips contacted Cinda Ethridge via phone at City Hall in reference to a paycheck she did not receive as she was to be paid on March 4, 2022. Ms. Etheridge stated that her timesheet was not submitted but that she would do it. Phillips then asked about the FMLA and when it would start as she knew her time was running out. Etheridge stated that Phillip's FMLA leave should have started on January 7, 2022 but because they did not start it at that time, they would be going to start FMLA the following week of March which would have been around the 14th.

16. On March 14, 2022 Phillips received a letter via email from Etheridge that terminated her employment with the City. After receiving the email Phillips attempted to call the Chief of Police two times via phone and got no response.

17. On May 19, 2022 Phillips filed her Charge of Discrimination with the EEOC alleging pregnancy discrimination under Federal law which was dual filed with the Texas Workforce Commission – Human Rights Division. On December 29, 2022, the Texas Workforce Commission issued Phillips a right to sue letter on her pregnancy discrimination claim.

III.   CAUSES OF ACTION

A.   **GENDER/PREGNANCY DISCRIMINATION (Chapter 21 Texas Labor Code)**

18. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

19. Plaintiff is an employee within the meaning of Chapter 21 of the Texas Labor Code and belongs to a class protected under the statute, namely she was pregnant and is female. *See* Sec. 21.106 Texas Labor Code.

20. Defendant is an employer within the meaning of Chapter 21. *See* Sec. 21.002(8) Texas Labor Code.

21. Defendant intentionally discriminated against Plaintiff by terminating her employment because of or on the basis of pregnancy. Defendant further failed to accommodate Plaintiff's pregnancy-related limitations when it accommodated non-pregnancy limitations for non-pregnant employees.

B. **PREGNANCY DISCRIMINATION (TITLE VII & PDA)**

22. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

23. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is/was pregnant. *See* 42 U.S.C. §2000e(k).

24. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

25. Defendant intentionally discriminated against Plaintiff by terminating her employment because of or on the basis of pregnancy.

C. **FMLA**

26. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

27. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from qualified leave. This FMLA also contains provisions to prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendants are in willful violation of the FMLA.

Defendants violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

28. Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendants' decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

29. In addition, an employee who takes FMLA leave under section 2612 shall be entitled, on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. See 29 U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced. See 29 U.S.C. §2614(a)(2). Defendants have violated these provisions of the FMLA by terminating Plaintiff while she was on FMLA and refusing to reinstate her into her position following her FMLA leave.

## IV.   DAMAGES

30. As a result of Defendant's violations of the law described herein, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

31. As a result of this willful and malicious violation of the law described herein, Plaintiff requests that she be awarded all damages, to which she is entitled, including punitive damages. Plaintiff also requests any additional equitable relief to which she is entitled.

32. Plaintiff also requests reasonable attorney's fees and court costs.

## V.   JURY DEMAND

33. Plaintiff requests a jury trial on all claims.

## VI.     PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for Plaintiff's actual economic and compensatory damages, including lost wages and benefits (both back pay and front pay), in an amount to be determined;

b. Judgment against Defendant for punitive damages for the maximum amount allowed by law;

c. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the law;

d. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e. Costs of suit, including attorney's fees;

f. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone and Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF